UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEBASTIAN VINY SEBASTIAN BACILIO,

             Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION,

             Respondents.

No. 1:26-cv-04766-DJC-AC

RELEASE ORDER

A# 220-222-719

Petitioner Sebastian Viny Sebastian Bacilio is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1).  The Court has previously addressed the legal issues raised in the Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083 (E.D. Cal. 2025).[1]

---

[1] It appears that Petitioner was released on bond prior to his present detention.  As such, while the legal analysis is similar in all the cited cases, the analysis in *Doe v. Becerra* is closest to the present case.

1

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 4.)  Respondents concede "that the factual and legal issues present here are not substantively distinguishable from such cases," though Respondents also argue that the circumstances of Petitioner's encounter with immigration officials constitutes a "change in circumstances" justify revocation of Petitioner's bond.  (ECF No. 5 at 3.)  It is unclear, based on the limited information provided, why the events described would constitute a change in circumstances.  Regardless, it does not alter the Court's due process analysis nor the determination that Petitioner is entitled to pre-deprivation notice.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Sebastian Viny Sebastian Bacilio from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which

Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

Respondents shall file a status report within five (5) days confirming Petitioner's release.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **June 29, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3